US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**MAR 0 7 2014**

CHRIS R. JOHNSON, Clerk
By

Deputy Clerk

**GARRY STATON**

**PLAINTIFF**

VS.

NO. /4-5080

**KIM EMERSON, M.D.;
EMERSON GROUP, P.A. d/b/a
Emerson Family Practice; and
EUREKA SPRINGS HOSPITAL HOMECARE, LLC
d/b/a Elite Home Health**

**DEFENDANTS**

## COMPLAINT

Comes now the Plaintiff, Garry Staton, by his attorney Lamar Porter of the Brad

Hendricks Law Firm, and for his cause of action states:

1. Plaintiff, Garry Staton, is a citizen and resident of the State of Missouri.

2. Defendant Kim Emerson, M.D. is a physician, holding herself out to the general public

as a family practice physician, and practicing in Bentonville, Arkansas.

3. Emerson Group, P.A., d/b/a Emerson Family Practice, is a for profit corporation

organized under Arkansas law and at all relevant times was the employer of Kim Emerson, M.D.

Defendant Emerson Group, P.A. is vicariously liable for the negligence of its employees,

including Kim Emerson, M.D.

4. Defendant Eureka Springs Hospital Homecare, LLC (referred to as "Home Health" in

this Complaint) is organized as a limited liability company and operates Elite Home Health.

Defendant Eureka Springs Hospital Homecare, LLC is liable for any negligence on the part of its

agents/employees.

5. Plaintiff's cause of action is for various related acts of medical negligence which took

place in Benton County, Arkansas and Carroll County, Arkansas.

6. Complete diversity of citizenship exists as the Plaintiff is a resident of the State of Missouri, and defendants are residents of, incorporated in, and/or have principal place of business in states other than Missouri. The matter in controversay exceeds the sum and amount of $75,000.00, exclusive of costs and interest. This court has jurisdiction over this matter based upon diversity of citizenship pursuant to U.S.C. §1332.

7. That Plaintiff, Garry Staton, is a double amputee/paraplegic. His family practice physician was, for a number of years, Defendant Kim Emerson, M.D.

8. That on or about June 24, 2011, Garry was admitted to Northwest Medical Center in Springdale, Arkansas. He was diagnosed with a deep vein thrombosis (DVT) - which is a blood clot. Garry was started on Coumadin, a blood thinner, and ultimately discharged home on July 1, 2011.

9. The discharge instructions provided that he was to continue taking Coumadin, and that the INR levels (to measure the coagulability of the blood) was to be monitored by Kim Emerson, M.D. The discharge instructions furthermore indicated that home health (Eureka Springs Hospital Homecare, LLC d/b/a Elite Home Health) was to do the actual testing of INR levels and to communicate the results to Defendant Kim Emerson. Obtaining INR levels of patients taking Coumadin is important as this test would indicate whether Mr. Staton was getting therapeutic levels of Coumadin. Not enough Coumadin could allow the DVT to reoccur and too much Coumadin could cause Coumadin toxicity, resulting in bleeding and/or death.

10. That on July 5, 2011, Garry's INR was sub-therapeutic at 1.7, such that Dr. Emerson increased the Coumadin dose. On July 15, 2011, Garry's INR was high and the Coumadin dose should have been reduced. Instead, Dr. Emerson again increased the Coumadin dosage.

11. That on July 21, 2011, Garry Staton was admitted to Mercy Medical Center with swelling to his thigh. His INR was checked and was 7.0 – a toxic level. Physicians determined that a toxic level of Coumadin had caused a massive hematoma (collection of blood) in his right thigh.

12. That as a result of the massive hematoma Garry underwent surgery and approximately 1000 cc's (one liter) of blood was evacuated from his thigh. The hematoma, and the large vacant area in his thigh that was left over after the hematoma was evacuated, led to a number of complications and medical procedures, including infection of the bone and tissue, non-healing wounds, irrigation and debridement of a seroma, two gluteal muscle flap procedures, excision of a right ischial pressure ulcer and ischiectomy, and other procedures.

13. The complications from the hematoma severely handicapped Plaintiff's ability to sit in a wheelchair and resulted in his having to stay in a rehabilitation facility to recover from the complications.

14. The hematoma, and subsequent complications, decreased the amount of soft tissue that cushion Garry's hip and pelvis, making him more prone to bed sores (decubitus ulcers) in the future.

15. That the defendant, Kim Emerson, M.D. was negligent in the following respects:

a.      Failing to properly monitor the INR levels and to properly adjust Plaintiff's Coumadin dose.

b.      Failing to properly educate and supervise employees of her clinic in terms of monitoring INR levels and informing Defendant Emerson as to abnormal results;

c.      Failing to direct homecare with respect to the appropriate manner of

-3-

communicating INR values to her offices; and,

d.    On July 8, 2011, failing to reduce the Coumadin dose in light of the elevated INR of 4.1.

16.    That the negligence by and attributable to Defendant Emerson and/or Emerson Group, P.A. was a proximate cause of the Coumadin toxicity, massive hematoma, complications, and treatment as set forth herein.

17.    That the defendant, Eureka Springs Hospital Homecare, LLC d/b/a Elite Home Health was negligent in the following respects:

a.    Failing to properly monitor the INR levels and to advise Dr. Kim Emerson that Mr. Staton's INR was significantly high, 4.1, on July 15th and exceeded the target therapeutic INR level of $2.0 - 2.5$ prescribed by Dr. Emerson.   Agents/employees of Defendant Home Health should have done more than pass on the value via fax but should have orally alerted Dr. Emerson and/or her office that the value was high.

b.    On July 8, 2011, in the face of an already elevated INR of 4.1, Dr. Emerson increased the Coumadin level under circumstances such that Home Health should have immediately questioned the order and refused to increase the Coumadin dose as ordered by Dr. Emerson.

c.    Failing to discuss with Dr. Emerson possible drug interactions that increased the likilihood of excessive bleeding, as eventually occured.

18.    That the negligence by and attributable to Defendant Eureka Springs Hospital Homecare, LLC d/b/a Elite Home Health was a proximate cause of the Coumadin toxicity,

-4-

massive hematoma, complications, and treatment as set forth herein.

19.  That as a result of the negligence, the Plaintiff, Garry Staton, has suffered the following injuries:

a.      Permanent injury resulting from the hematoma;

b.      Medical and rehabilitation expenses incurred in the past and reasonably certain to be incurred in the future;

c.      Pain, suffering and mental anguish (past and future); and,

d.      Scarring.

20.  Plaintiff seeks unliquidated damages and further requests a trial by jury.

Wherefore, the Plaintiff, Garry Staton, prays that upon trial of this matter he be awarded reasonable damages against defendants, and each of them, in an amount exceeding the current minimum requirement for federal jurisdiction in diversity of citizenship cases, together with all other relief to which he may be entitled.

Respectfully submitted,

**THE BRAD HENDRICKS LAW FIRM**
500 C Pleasant Valley Drive
Little Rock, AR  72227
(501) 221-0444
(501) 219-0608 - fax
lporter@bradhendricks.com

BY: _____
        Lamar Porter, ABN 78128

-5-