IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GARRY STATON                                                                                        PLAINTIFF

v.                                      Case No. 5:14-CV-05080

KIM EMERSON, M.D.; EMERSON GROUP, P.A.
d/b/a Emerson Family Practice; and EUREKA
SPRINGS HOSPITAL HOMECARE, LLC d/b/a
Elite Home Health                                                                                DEFENDANTS

**ORDER**

On March 19, 2014, the Court ordered Plaintiff to show cause as to why this matter should not be dismissed without prejudice for lack of federal subject-matter jurisdiction. (Doc. 6). The Court identified deficiencies in Plaintiff's jurisdictional pleadings, and Plaintiff was directed to properly allege the citizenship of all parties at the time the complaint was filed. Plaintiff has now filed an amended complaint (Doc. 8), a response to the order to show cause (Doc. 9), a brief in support of the response (Doc. 10), and a motion for Defendant Eureka Springs Hospital Homecare, LLC ("Eureka") to formally disclose information regarding its corporate ownership (Doc. 11).

The amended complaint appears to address the majority of the concerns raised by the Court. However, the Court does note two areas of concern that remain: (1) the amended complaint alleges only the residency of Defendant Kim Emerson, and (2) the issue of whether Defendant Emerson Group, P.A. should be considered a corporation for purposes of diversity jurisdiction is not entirely resolved. As to the first issue, Dr. Emerson's answer avers that she is "a resident *and citizen* of the State of Arkansas." (Doc. 13, ¶ 7). The record, therefore, cures the deficiency in Plaintiff's amended complaint. As to the second issue, the Court cautioned in its show cause order that if Emerson

-1-

Group, P.A. was an unincorporated entity (for purposes of the diversity statute) the citizenship of each of its members must be alleged. The answer filed on behalf of Emerson Group, P.A. states alternately that the entity is a "professional corporation" (Doc. 13, ¶ 3) and that it is a "professional association" (Doc. 13, ¶ 7). Plaintiff's amended complaint states that Emerson Group, P.A. "is a for profit corporation." (Doc. 8, ¶ 3). This allegation—coupled with the allegations of Emerson Group, P.A.'s state of incorporation *and* principal place of business—is sufficient, at this time, to sustain Plaintiff's burden of pleading. If, however, it is later discovered that Emerson Group, P.A. is an unincorporated entity, the parties should so inform the Court.

The amended complaint appears to have sufficiently alleged the citizenship of Eureka, tracing the citizenship through the entity's layer of members. As such, the Court finds no need for a formal disclosure at this stage of litigation, as requested by Plaintiff in his motion (Doc. 11). Because Plaintiff has now sufficiently pleaded Eureka's citizenship, Eureka was able to respond to those specific allegations via a responsive pleading. Eureka has admitted to Plaintiff's allegations concerning its citizenship in its answer (Doc. 12, ¶ 4). Plaintiff's motion for disclosure will therefore be denied.

Unless this litigation is dismissed for some reason prior to the parties engaging in discovery, more information may be uncovered through the discovery process. Having been satisfied that jurisdiction has been properly pleaded, the Court may still raise the issue of jurisdiction if at any point it appears that jurisdiction is actually lacking (or was, at the time the complaint was filed) in this matter.

Finally, Plaintiff raised some concerns with the fact that the Court issued a show cause order. It appears that Plaintiff argues that the burden to allege citizenship is too onerous when a Defendant

is an unincorporated entity, and that the burden for a plaintiff seeking federal jurisdiction should be less than that of a Defendant seeking federal jurisdiction through the removal process.  Plaintiff attempts to distinguish the cases cited by the Court in its order, but cites to no countervailing case law that would undermine the basic premise that those cases stand for.  Federal case law, both at the appellate and district level, is replete with cases in which federal courts have imposed the same burden on all plaintiffs to adequately plead jurisdictional facts.  In fact, Plaintiff cited to one such case in his brief.  The Eighth Circuit has clearly rejected an argument by plaintiffs that "finding out the defendants' citizenship would be more trouble than they should be expected to take.  This is a burden that plaintiffs desiring to invoke diversity jurisdiction have assumed since the days of Chief Justice Marshall."  *Walker v. Norwest Corp.*, 108 F.3d 158, 162 (8th Cir. 1997).

      In his response, Plaintiff concedes that "Plaintiffs are certainly imposed with the obligation to properly investigate issues such as jurisdiction, but for the most part must rely upon public records and other forms of sometimes incomplete or inaccurate information in order to make good faith allegations as to citizenship and principal place of business." (Doc. 10, pp. 5-6).  The problem in this case was that absolutely no allegations—good faith or otherwise—were made as to the citizenship of Dr. Emerson, as to the principal place of business or the citizenship of the members of Emerson Group, P.A. (whichever Plaintiff, in good faith, found to be appropriate), or as to the citizenship of the members of Eureka.  Without such allegations, Defendants cannot even respond appropriately for the Court to get a complete record to consider whether jurisdiction exists.  It is for that reason that the Court determined that a show cause order was necessary.

      The Court is well aware that leave to amend a complaint to cure technical defects in jurisdictional allegations should be given.  It is for this reason that the Court did not dismiss the

complaint outright but instead directed Plaintiff to properly allege the citizenship of all parties at the time the complaint was filed. The Court is also well aware of the fact that member information of LLC's is not a matter of public record in many states, including Arkansas. That does not change Plaintiff's burden to plead sufficient jurisdictional facts. If Plaintiff had difficulty in determining the citizenship of the parties, he could have chosen to file this case in a state court of general jurisdiction or, alternatively, requested that the Court allow limited jurisdictional discovery. As a court of limited jurisdiction (and limited resources), this Court will not allow a case to proceed, with time and resources being expended by the Court, the attorneys, and the parties, without assuring that—at the very least—there is some properly alleged basis for jurisdiction, sufficient to allow a meaningful response from opposing parties. Cautionary tales can be found in a number of appellate court cases where a case has been litigated for years only for all the orders and decisions to be voided for lack of jurisdiction.

The Court is not trying to set an impossible standard for plaintiffs seeking federal jurisdiction. Rather, the Court is following established statutory law and case law in holding Plaintiff to his burden of pleading, while also ensuring that time and resources are not needlessly expended by all involved. The Court has found the issuance of a show cause order to be an expedient process by which to raise jurisdictional issues early in the litigation so that they can be resolved. In most cases, opposing parties are cooperative in sharing information regarding their citizenship, as lying behind the log—especially at an early stage in the litigation—generally would serve no useful purpose.

For the above reasons, the Court finds that cause has been shown enabling the Court to accept jurisdiction over this case at this juncture, and the show cause order (Doc. 6) is therefore

DISCHARGED.

Also for the reasons stated above, IT IS ORDERED that Plaintiff's motion for disclosure (Doc. 11) is DENIED.

IT IS SO ORDERED this 16th day of April, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE